**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ROLANDO ROBLES CARMONA | LEAD CASE NO. 15-05106 (ESL) |
| Plaintiff | CHAPTER 13 |
| v. | |
| OSNET WIRELESS CORP. | FILED & ENTERED ON 3/13/2020 |
| Defendants | |
| | ADV. PROC. NO. 19-00015 (ESL) |

OPINION AND ORDER

This case is before the court upon the *Notice of Removal* filed by Osnet Wireless Corp. ("Defendant" or "Osnet") (Docket No, 1)*; Motion to Dismiss Adversary Proceeding, Remand to State Court* filed by Rolando Robles Carmona ("Plaintiff or "Debtor") (Docket No. 21); *Opposition to Plaintiff's Motion to Dismiss or Remand to State Court and/or to Dismiss Counterclaim* filed by Osnet (Docket No. 23); *Memorandum of law in Support of Application of Judicial Estoppel Doctrine* filed by Osnet (Docket No. 27); *Opposition to Osnet Wireless' Memorandum of Law in Support of Application of Judicial Estoppel Doctrine (Docket No. 27)* and *Renewed Opposition to Osnet Wireless' Memorandum of Law in Support of Application of Judicial Estoppel Doctrine (Docket No. 27),* both filed by the Debtor (Docket Nos. 28 and 29).

For the reasons stated herein, the court finds that the judicial estoppel doctrine does not apply to the present case and the court abstains from hearing the adversary proceeding.

Procedural History

Osnet Wireless Corp. filed a *Notice of Removal* of the case captioned Rolando Robles Carmona v. Osnet Wireless Corp., Civil No. BY2018CV04705 from the Court of First Instance of the Commonwealth of Puerto Rico, Bayamón Superior Court, to the U.S. Bankruptcy Court for

-1-

the District of Puerto Rico on February 14, 2019 (Docket No. 1). Osnet alleges that the Debtor filed a contingent claim for "unjust dismissal" in the Bayamón Superior Court and that said claim could conceivably have an effect on the estate being administered in bankruptcy. "Although Osnet believes that the Civil Action is meritless, its result may have a direct impact in the administration of Robles' bankruptcy estate as it could increase the amount of money that can be distributed to his creditors. To the extent that it does, the Civil Action is "related" to Robles' bankruptcy proceeding and within the Honorable Court's jurisdiction under 28 U.S.C. §1334(b)."

On February 28, 2019, Osnet filed an *Answer to the Complaint* (Docket No. 20) which included several affirmatives defenses, such as: (1) the Plaintiff's termination was justified pursuant to local Act 80 of May 30, 1976, P.R. Laws Ann., Title 29, sec. 185, *et seq.*; (2) the Plaintiff did not work or offered services to Osnet since July 2014; (3) the cause of action is time barred; (4) the Plaintiff omitted the cause of action from the Bankruptcy Court and his creditors and presented it without authorization of the Bankruptcy Court, amongst others. Osnet also filed a counterclaim against the Plaintiff, alleging that, from July 2014 to September 2017, Plaintiff collected a total of $78,000.00 without cause as he did not perform any work or provided services to Osnet. They further alleged that the Plaintiff refused to return an antenna valued in approximately $1,000.00. Therefore, Osnet requested the court to dismiss the Plaintiff's complaint and grant the counterclaim.

On March 31, 2019, the Plaintiff-Debtor, Rolando Robles Carmona file his *Motion to Dismiss or Remand to State Court and/or to Dismiss Counterclaim under Fed. R. Civ. P. 12(B)(6)* (Docket No. 21). The Debtor alleges that (1) the Debtor filed a Complaint against the Defendant for unjust dismissal under PR Law 80 in the Court of First Instance of Bayamón; (2) Law 80 sets forth a summary procedure for certain labor claims under Puerto Rico law; (3) the action was filed in local court as it is the proper venue pursuant to Article 1 of the PR Law 2; (4) Osnet had failed to file a timely Answer to Complaint on local court and the removal was filed the same date that the Court of First Instance entered a default against the Defendants (Docket No. 21). Therefore, the Debtor requests the court to apply mandatory abstention pursuant to 11 U.S.C. §1334 an remand on equitable grounds as warranted by 28 U.S.C. §1452 or, in the alternative, to discretionarily abstain from hearing the unjust dismissal complaint pursuant to 28 U.S.C. 1334 (c)(1) and equitably remand the case. The Debtor alleges that the present case complies with the

-2-

requirements for mandatory abstention, that is, (1) the cause of action is based on state law; (2) Defendant lacks a federal jurisdictional basis absent the bankruptcy proceeding; (3) the case was commenced in state court; (4) it can be timely adjudicated and (5) the case is a non-core proceeding.

Additionally, the Plaintiff argues the following in favor of discretionary abstention: (1) allowing the case to continue in the local court will have no impact on the Estate; (2) none of the issues present in the case are bankruptcy related; (3) the case has already commenced in the local court and Default was entered against the Defendant; (4) there is no jurisdictional basis for the adversary proceeding other than the bankruptcy case; (5) the procedure is remotely related to the main bankruptcy case; (6) the Court's docket will be relieved from the burden of hearing a case totally unrelated to the bankruptcy case which has a confirmed plan and has no other ongoing adversary proceedings; and (8) the removal constitute forum shopping by the Defendants. The Plaintiff further alleges that the counterclaim filed by the Defendants should be dismissed considering that, even taking as true all the allegations in the Defendant's counterclaim, it still fails to state a claim upon which this court may grant relief as Law 2 proceedings are intended to be expedite and counterclaims are not allowed, as it has been determined by the Puerto Rico Supreme Court.

A *Status Report on Pending Matters* was filed by Osnet on March 21, 2019 (Docket No. 23). Furthermore, on April 4, 2019, Osnet filed its *Motion to Strike and Opposition to Plaintiff's Motion to Dismiss or Remand to State Court and/or Dismiss Counterclaim Under Fed. R. Civ. P. 12(B)(6)* (Docket No. 23). The Defendant first argues that the Plaintiff's *Motion for Remand* was untimely as it was filed 35 days after and not within the 30 days stated in 28 U.S.C. §1447(c). Osnet further argues that the Debtor is judicially stopped from pursuing the unjust dismissal action because he failed to timely disclose it to the court. As argued by Osnet, the Plaintiff filed the claim on December 17, 2018 yet notified the court of the state action on February 14, 2019, after the *Notice of Removal* was filed. Osnet argues that the principle of judicial estoppel applies in the context of claims which were not raised in parallel bankruptcy proceedings. The Defendant contends that the Debtor has unclean hands and that all the requirements for the application of judicial estoppel are present. The Defendant argues that the only reason the Debtor amended his schedules was because the *Notice of Removal* was filed by the Defendant and that, otherwise, the

Debtor would not have disclosed the claim filed in state court. Additionally, Osnet argues that the *Entry of Default* in state court is null and void because it was issued after the case was removed and, therefore, issued by state court without jurisdiction to do so. Furthermore, Osnet argues that Law 2 does not apply in federal court, as stated by the First Circuit Court of Appeals in Hoyos v. Telecorp Communications, Inc., 488 F. 3d 1 (2007) as it is procedural in nature. As to the dismissal of the counterclaim, the Defendant alleges that, considering that Law 2 is a procedural law, it is not applicable in federal court. Osnet requests the court to deny the *Motion to Dismiss or Remand to State Court and/or to Dismiss Counterclaim* under Fed. R. Civ. P. 12(b)(6).

On April 26, 2019, the court held a status hearing were counsels argued their positions as to: (1) the judicial estoppel doctrine and the dismissal of the complaint; and (2) mandatory or discretionary abstention of the court. The court concluded that the judicial estoppel doctrine was inapplicable to the present case as the cause of action relates to post-petition claims and that mandatory or discretionary abstention was warranted. The court informed the parties that an Opinion and Order would be entered accordingly.

On May 7, 2019, Osnet filed its *Memorandum of Law in Support of Application of Judicial Estoppel Doctrine* (Docket No. 27). The Defendant argues that pursuant to section 541 all property acquired after the commencement of a bankruptcy case but before a case is closed, dismissed or converted, is property of the estate such as a post-petition cause of action. Osnet states that the Debtor did not disclose the cause of action immediately and that it took the Debtor fourteen (14) months to disclose it and only after Osnet filed its *Notice for Removal*. The Defendant argues that Osnet had no intent to disclose the cause of action and the amendments to the petition were made only after being exposed; and that the amount of time taken for said amendment demonstrates the Debtors intent to deceive the court. The Plaintiff filed his *Opposition to Osnet Wireless' Memorandum of Law in Support of Application of Judicial Estoppel Doctrine (Docket No. 27)* (Docket No. 28).  The Plaintiff argues that Osnet's Motion is a new attempt to relitigate the application of the judicial estoppel doctrine. However, the Plaintiff clarifies that the state court action was filed within the corresponding statute of limitations and shortly after the Debtor found out he had a valid cause of action. The Plaintiff explains that the *Application for Employment* was executed on November 26, 2018 but that for reasons unknown to the Debtor, the *Application for Employment* was not filed until after the *Notice of Removal*. The Plaintiff states that Osnet's

allegations are unsubstantiated, and that he was not concealing a claim, nor he was forced by the Defendant to disclose it, and that the record reflects that reality. On August 21, 2019, the Plaintiff filed his *Renewed Opposition to Osnet Wireless' Memorandum of Law in Support of Application of Judicial Estoppel Doctrine (Docket No. 27)* (Docket No. 29). The Plaintiff reargues his previous position as to the application of the judicial estoppel doctrine.

Applicable Law and Analysis

Judicial Estoppel Doctrine and Bankruptcy

Judicial estoppel is an equitable doctrine aimed at protecting the integrity of the judicial process. New Hampshire v. Maine, 532 U.S. 742, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). The doctrine of judicial estoppel is equitable in nature. It operates to prevent a litigant from taking a litigation position that is inconsistent with a litigation position successfully asserted by him in an earlier phase of the same case or in an earlier court proceeding. InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003). The purpose of the doctrine is to protect the integrity of the judicial process. It is typically invoked when a litigant tries to play fast and loose with the courts. Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010), referencing New Hampshire v. Maine, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001); Alt. Sys. Concepts, 374 F.3d 23 (1st Cir. 2004); Patriot Cinemas, Inc. v. Gen. Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987),

The benefits of the bankruptcy process are reserved for the honest but unfortunate debtor. Marrama v. Citizens Bank of Mass., 549 U.S. 365, 367, 127 S.Ct. 1105, 166 L. Ed. 2d 956 (2007). Judicial estoppel must be applied in bankruptcy to deter dishonest debtors from failing to fully disclose all assets as such failure undermines the bankruptcy system. In re Claudio, Nos. 10-00851 (ESL), 10-001216 (ESL), 10-02150 (ESL), 2012 Bankr. LEXIS 1325, at *3 (Bankr. D.P.R. Mar. 28, 2012).

Osnet argues that it is the bankruptcy debtor's duty to timely disclose a pending or potential claim to the bankruptcy court, even if the action is post-petition. The Defendant references case law applying the judicial estoppel doctrine to post-petition claims. The Defendant references Balthrope v. Sacramento Cty. HHS, 398 F. App'x 285 (9th Cir. 2010), however, the court finds the

reference is unsuitable as the *Memorandum Order* lacks factual information to determine the time where the claim arose.

However, in Kimberlin v. Dollar Gen. Corp., 520 F. App'x 312 (6th Cir. 2013), the Sixth Circuit affirmed the decision of the District Court, which applied judicial estoppel and bared a retaliation cause of action. The Sixth Circuit ruled that the Plaintiff-Appellant failed to disclose the potential claim in her bankruptcy filings and that she had motive to conceal the claim. The Circuit Court concluded that, by not amending her filings or otherwise disclosing the potential claim, the Debtor deprived the bankruptcy trustee, court, and creditors of any opportunity to consider possible options. Therefore, the court was not persuaded by Kimberlin's assertion that she lacked motive to conceal the claim. The Fifth Circuit in Flugence v. Axis Surplus Ins. Co. (In re Flugence), 738 F.3d 126 (5th Cir. 2013) determined that a bankruptcy debtor's personal injury claim was properly barred by judicial estoppel since the debtor did not disclose the claim prior to obtaining a discharge. The Circuit Court affirmed, considering that (1) Flugence knew of the facts underlying her personal-injury claim; and (2) the bankruptcy court found that she had motive to conceal, because her claim, if disclosed, would be available to the creditors. However, in Flugence, the court allowed the Trustee to pursue the claim for the benefit of the creditors. "Judicial estoppel is an equitable doctrine and using it to land another blow on the victims of bankruptcy fraud is not an equitable application". *Id*. at 131-132.

As to the timeliness of the disclosure, Osnet references Scoggins v. Arrow Trucking Company, 92 F. Supp. 2d 1372, 1375 (S.D. Ga., 2000).[1] In Scoggins, the Debtor filed a Chapter 7 petition in July 1998 in which he failed to disclose the claim and filed the district court action in 1999. Other than stating that the bankruptcy lawyer was "in the process of moving to amend his bankruptcy filings" the court remained unaware if the Plaintiff had received a discharge from the bankruptcy court. However, the district court ruled that Scoggins' amendment was too late because he was only disclosing when forced by his adversary. The court stated that "plaintiff tendered no affidavit or other explanation to negate the obvious inference that his adversary here is compelling him to honor his bankruptcy obligations." *Id*. at 1375-1376. Therefore, the district court applied the judicial estoppel doctrine.

---

[1] The court notes that the cause of action in Scoggins is pre-petition.

The Defendant also references <u>Anderson v. Entergy Operations, Inc.</u>, No. 5:11cv103-DPJ-FKB, 2012 U.S. Dist. LEXIS 158268 (S.D. Miss. Nov. 5, 2012) and <u>Knott v. Dollar Tree Stores, Inc.</u>, No. 7:06-CV-1553-LSC, 2009 U.S. Dist. LEXIS 134672, 2009 WL 106669452 (N.D. Ala. May 20, 2009) where several individuals filed claims pursuant to the Fair Labor and Standard Act (FLSA). In both cases, the courts analyzed the amount of time taken between the commencement of the case[2] and the amendment of the schedules to apply the judicial estoppel doctrine[3]. Additionally, Osnet references <u>Krystal Cadillac-Oldsmobile GMC Truck Inc., v. General Motors Corp.</u>, 337 F.3d 314 (3rd Cir. 2003) and <u>In Re Walker</u>, 391 B.R. 211 (B.A.P. 10th Cir. 2008) in relation to the Application of the Fed. R. Bankr. P. 1009 to amend the schedules and argues that Rule 1009 cannot be used without limitations.

The court finds that the facts of the present case differ considerably to the facts of the cases referenced by Osnet in its *Memorandum of Law in Support of Application of Judicial Estoppel Doctrine*. Here, the Debtor did not omit to disclose an existing claim when filing his bankruptcy petition. This conclusion is supported by the fact that the Debtor disclosed his income from Osnet in Schedule I filed on July 2, 2015. (See Docket No. 1 of Lead Case 15-05106, page 23). The Debtor amended his Schedule I on January 12, 2016, which still represented Osnet as a source of income (Lead Case, Docket No. 30). The court finds, that as argued by the Debtor, he was not entitled to any state court claim at the moment of the filing of the petition.

The Debtor's plan was confirmed on June 7, 2016 (Lead Case, Docket No. 58). On November 13, 2018, the Debtor filed an *Application for Employment of Attorney* in relation to a derivative and direct state court action against Osnet Wireless Corp., Ivan Rivera and Julissa Sepúlveda (Lead Case, Docket No. 75). The Debtor stated in said request that "[a]ny proceeds obtained as the result of this claim will fund the chapter 13 plan". The employment of attorney was approved by the court on December 14, 2018 (Lead Case, Docket No. 76). The *Notice of Removal* was filed by Osnet on February 14, 2018 (Docket No. 78). On February 15, 2018, the Debtor filed another *Application to Employ Attorney* in relation to the removed cause of action pursuant to the Puerto Rico's Discharge Indemnity Law. The attorney employed was Samuel F. Pamias, the same attorney employed for the derivative action. As per the averments of the parties,

---

[2] In the <u>Knott</u> case, the court considered the date in which the debtors opted-in as Plaintiffs.
[3] In <u>Anderson</u>, eleven (11) months had elapsed and in <u>Knott</u> almost eighteen (18) months.

the unjust discharge claim was filed on December 17, 2018 on state court. Osnet argues that, assuming that the cause of action arose "by December 17, 2017, the time lapsed to disclose the cause of action was fourteen (14) months." However, none of the case law discussed by Osnet calculates the timeliness of the disclosure commencing on the date that the possible cause of action arose. The cases, however, consider the date the actions were filed. Since the filing of the action on December 17, 2018 to the time the Debtor informed the court, February 15, 2018, two months, approximately, lapsed. Furthermore, the Debtor had already disclosed the derivative action which included Osnet as a Defendant, amongst others. The court cannot conclude that motive to conceal existed when a nominal amount of time had lapsed since the filing of the action and when another cause of action, which may also impact the distributions to creditors, had been previously disclosed. Furthermore, the court finds persuasive the holding in Smith v. Werner Enters., 65 F. Supp. 3d 1305 (S.D. Ala. 2014). The Smith court reasoned:

> "The difference between the failure to disclose an existing claim in an original filing and the actual but untimely disclosure of a new claim in an amended filing is significant. The former involves the judicial submission of an affirmative misrepresentation, one that is wrong when filed and that is never corrected. The latter involves the judicial submission of an accurate representation that later events cause to become inaccurate and that is eventually corrected. See Snowden, 419 F. Supp. 2d at 1373 (the plaintiff "did not affirmatively misrepresent that her claims did not exist [but] merely failed to amend her schedule for four months after she learned about the claims"); Roots, 2009 U.S. Dist. LEXIS 114141, 2009 WL 4798217 at *7 ("The failure to amend does not create the same inference as the case where the debtor has knowledge of or has filed his non-bankruptcy claim prior to filing for Chapter 13 bankruptcy.").
>
> The length of time a misstatement remains uncorrected is also significant. The longer a debtor permits a misrepresentation to remain, the stronger the inference that the reason is intent. This is especially so when an initially accurate schedule becomes wrong due to subsequent events, since there is no precise deadline for amending schedules and since it is no more uncommon or suspicious to briefly delay filing an amended schedule than it is to delay filing an original petition or any other pleading. The Ajaka Court found that two months and nine days between the filing of suit and the submission of amended schedules did not constitute timely amendment, 453 F.3d at 1343, 1344, but it also deemed that time period sufficiently short to suggest a lack of intent to make a mockery of the judicial system. Id. at 1346. The delay here was two months and ten days. "Judicial estoppel does not operate because a party did not move as quickly as she could have; it operates only against cold manipulation ...." Snowden, 419 F. Supp.

-8-

2d at 1373-74 (finding a delay of four months, standing alone, too short to be conclusive as to intent).

The occurrence of key events, or the passage of key deadlines, while a debtor delays correcting a schedule is also significant, because it reflects the debtor's receipt of a benefit from his delay and supports an inference that he sought by delay to obtain the benefit. Thus, in Strauss v. Rent-A-Center, Inc., 192 Fed. Appx. 821 (11th Cir. 2006), the Court reversed the lower court's finding of judicial estoppel because, unlike in Barger, "[t]he bankruptcy court never entered any order discharging any of Strauss's debts." Id. at 823.

The defendant argues that judicial estoppel must apply here because the plaintiff did not amend his bankruptcy schedules until after the defendant filed the instant motion. (Doc. 20 at 2-3). "Such a bright-line rule, however, represents an unprecedented extension of judicial estoppel," and such evidence "has never been treated as dispositive proof of intent to mislead." Snowden, 419 F. Supp. 2d at 1374.

*Id*. at 1311-1312.

Therefore, the court sustains its determination that the judicial estoppel doctrine is not applicable to the present case.

Mandatory and Discretionary Abstention

The federal courts have jurisdiction over bankruptcy cases pursuant to 28 U.S.C. § 1334, which provides in subsection (a) that the district courts have original and exclusive jurisdiction over "cases under title 11" (such as the bankruptcy petition itself), and in subsection (b) that the district courts have original but not exclusive jurisdiction over "proceedings arising under title 11, or arising in or related to cases under title 11". See In re C.H. Props., No. 05-06118 CHAPTER 11, 2006 Bankr. LEXIS 3899 (Bankr. D.P.R. Jan. 12, 2006)

Section 1334(c) provides for permissive abstention under § 1334(c)(1) and mandatory abstention under § 1334(c)(2). The statute distinguishes between cases "arising under", "arising in" and "related to" proceedings under title 11. "'Arising under' proceedings are those cases in which the cause of action is created by title 11." In Re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002). "'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Id. (citation omitted). "'Related to' proceedings are those which potentially have some

-9-

effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." Id. (citations omitted).

Proceedings which "arise in" and "arise under" title 11 together constitute the bankruptcy court's "core" jurisdiction. 28 U.S.C. § 157(b)(1); Concerto Software, Inc. v. Vitaquest International, Inc., 290 B.R. 448, 452 (D. Maine 2003). The mandatory abstention provision of § 1334(c)(2) applies to cases "related to" proceedings under title 11, and provides that the district court should abstain from hearing a proceeding based upon a state law claim or state law cause of action, which is related to a case under title 11 but not arising under or arising in a case under title 11, if a state court action is pending and can be timely adjudicated. See Middlesex, 292 F.3d at 68, fn. 6.

The court agrees with the Debtor when stating that this is a 'non-core' 'related to' proceeding and that the action could not have been commenced on this court absent the jurisdiction of 28 U.S.C. §1334. The action was commenced in a state court and can be timely adjudicated in the state forum. Therefore, the court must mandatory abstain from hearing the proceeding, pursuant to 28 U.S.C. §1334(c)(2). However, the court finds that absent the criteria for mandatory abstention, the court would otherwise exercise discretionary abstention in the interest of comity with State courts or respect for State law. "Manifestly, bankruptcy courts should be guided by principles of comity to respect a pending unresolved state lawsuit and should not exercise federal judicial authority in the disregard of the comity between the state courts and the federal courts." See In re Texaco, Inc., 77 B.R. 433 (Bankr. S.D.N.Y. 1987). The discretionary abstention provision of 28 U.S.C §1334(c)(1) provides that the district court may abstain from hearing a particular proceeding "arising under title 11 or arising in or related to a case under title 11" if to do so would be "in the interest of justice, or in the interest of comity with State law". See In Re Latin Am. Roller Co., 412 B.R. 15, 22 (2009). "Discretionary abstention applies to both core and non-core proceedings." Ford v. Clement (In re Beckmeyer), 1999 Bankr. LEXIS 1879, *5, 1999 WL 33457767, *2 (Bankr. D. N.H. 1999). The issue of discretionary abstention may be raised by a court *sua sponte*. Id. at *12. "There is no clear standard or test that governs when a court should exercise its discretion to abstain from hearing a proceeding. Id., referencing In re DiMartino, 144

-10-

B.R. 225, 226 (Bankr. D.R.I. 1992) ("discretionary abstention is difficult to concretize into bright-line tests or specific balancing tests")".

The legal issue addressed by the Plaintiff in the Complaint is entirely a state law issue. The court notes that the Plaintiff has a confirmed plan (Lead Case, Docket No. 59) and, therefore, the legal issue presented in the Complaint has no significant effect on the proceedings of the main bankruptcy case.

<u>Conclusion</u>

For the reasons stated herein, the court concludes the judicial estoppel doctrine is inapplicable to the present proceeding and that the court is mandated to abstain from hearing the proceeding pursuant to the provision of 28 U.S.C. § 1334(c)(2). The court orders the case to be remanded to the Court of First Instance, Bayamón Superior Court.

SO ORDERED.

In San Juan, Puerto Rico, this March 13th, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge